# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2022-2247
_____

BRITTNEY CUNNINGHAM, L.P.N.,

    Appellant,

    v.

FLORIDA DEPARTMENT OF
HEALTH,

    Appellee.

_____

On appeal from the Florida Department of Health, Board of Nursing.
Maggie Hansen, MHSc, RN, Chair.

January 3, 2024

RAY, J.

Brittney Cunningham challenges a final order of the Florida Board of Nursing revoking her nursing license for engaging in unprofessional conduct in violation of section 464.018(1)(h), Florida Statutes (2021) (authorizing disciplinary action for unprofessional conduct), and rule 64B9-8.005(14), Florida Administrative Code (defining that conduct to include using abusive, threatening or foul language in front of a patient or directing such language toward a patient). We affirm, without further discussion, that part of the order finding that she failed to timely submit an Election of Rights form and thus waived her right to a formal hearing.

But as the Department correctly concedes, the Board erroneously believed that revocation of Cunningham's license was the minimum penalty that could be imposed and mitigating factors would be needed to deviate below that penalty. Instead, license revocation was outside the guidelines and required a specific showing of aggravating circumstances. *See* Fla. Admin. Code R. 64B9-8.006(3)(f) (setting the minimum penalty for a first offense of unprofessional conduct at a reprimand, $250 fine, and continuing education; setting the maximum penalty at a $500 fine and probation); *id.* at (5)(a)–(b) (allowing the Board to deviate from those guideline penalties upon a showing of aggravating or mitigating circumstances, and enumerating a non-exhaustive list of circumstances the Board may consider). In imposing a penalty outside the guidelines, the Board must make "[a] specific finding in the final order of mitigating or aggravating circumstances." § 456.079(3), Fla. Stat. (2022). The Board failed to do so here.

We thus set aside the final order as to the penalty imposed and remand for further proceedings consistent with this opinion. *See* § 120.68(7)(e)2., 4., Fla. Stat. (2023) (requiring an appellate court to remand a case to the agency for further proceedings or set aside agency action when the agency has exercised its discretion inconsistent with an agency rule or in violation of a statutory provision).

AFFIRMED in part, SET ASIDE in part, and REMANDED.

ROWE and NORDBY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Lance O. Leider of The Health Law Firm, P.A., Altamonte Springs, for Appellant.

Sarah Young Hodges, Chief Appellate Counsel, Florida Department of Health, Tallahassee, for Appellee.